UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-60250-CR
HURLEY/ VITUNAC

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

JEFFREY MOORE

       Defendant
_____/

## MOTION TO SUPPRESS

COMES NOW the Defendant, Jeffrey Moore, by and through the undersigned attorney, pursuant to Rule 12, Federal Rules of Criminal Procedure, and moves this Honorable Court enter an order suppressing the following evidence seized from a residence located at 389 NE 34th St, Oakland Park, Florida:

1. A number of plastic bags containing cocaine and/or cocaine base seized from the pocket of a pair of shorts in the southeast bedroom;
2. A plastic bag containing cocaine and/or cocaine base taken from a dresser drawer in the southeast bedroom;
3. Plastic bags containing cannabis taken from the southeast bedroom;
4. One Plastic bag containing a fork with white power residue taken from the SE Bedroom;
5. Several plastic bags containing cocaine and/or cocaine base seized from a shoebox in the southeast bedroom;
6. One black brick, (kilo) of cocaine seized from the closet of the southeast bedroom;
7. One cooking pot with cocaine and/or cocaine base and one cannabis blunt seized from the southeast bedroom;
8. United States currency seized from the southeast bedroom;
9. Cellular telephones;
10. Firearms,
11. Identification papers;
12 All cocaine, cocaine base and cannabis seized from the residence

Factual Statement

As a result of information gleaned from an ongoing investigation and a Court authorized interception of wire communications of a telephone being utilized by Gratonn Williams, a federal search warrant was obtained for Mr. Williams's home, 1504 Belmont Lane. That warrant was executed on the morning of October 2, 2007.

Subsequent to that search, on the same day, agents secured and searched a residence located at 326 NE 34th Court.

Once that search was completed, the agents proceeded over to 389 NE 34th Street Oakland Park, Florida. They knocked on the door and attempted gain entrance to the house. They had not attempted to secure a search warrant for that address before trying to gain entry.

389 NE 34 Street is a single family residence. Jeffrey Moore resides there with his mother. Jeffrey Moore has his own bedroom in the home. Justin McCray and Jeffrey Moore were in the house when the agents first approached the home but neither of them would answer, nor open the door to the house. Instead, Jeffrey locked the door to his bedroom and then shut it from outside the room. He then called his mother, Doris Dykes, who works about a block away.

Ms Dykes walked over to her home and asked the agents what they wanted. They told her they needed to get in the house. She agreed to open the front door but she could not get it to open with the key. The agents then took the keys around to the back door, opened the door, and entered the house.

Jeffrey Moore was standing in the hall next to the living room, near to the back door. He began to yell to his mother and the agents " You need a warrant, Get them out! They need a warrant!" or words to that effect. In response to this, Ms Dykes withdrew her consent.

The agents seized Jeffrey Moore and took him out of the house. Agents then went to the front area of the house where they seized Justin McCray and removed him from the house. At some point, they broke open the locked door to the southeast bedroom. After entering that bedroom the agents claim to have observed a couple of pieces of crack cocaine and a plastic bag containing white power residue in plain sight.

It was at this point, that the agents decided to secure the house and make an application for a search warrant. They informed Ms Dykes that that was their intention unless she agreed to consent to a search. She signed a consent form, but the agents decided that under the circumstances, that they needed to get a search warrant.

One of the agents wrote an affidavit for a search warrant for 389 NE 34th Street. That affidavit contained a paragraph outlining the contraband that was observed in the southeast bedroom in the initial entry into the home and a paragraph concerning alleged information about Jeffrey Moore that turned out to be false.

Based on that affidavit, a search warrant was issued and the premises were searched resulting in the seizure of the evidence sought to be suppressed.
..

As grounds for this motion the Defendant would state:

1. The Defendant, Jeffrey Moore, is an aggrieved person with standing to bring this motion.

2. 389 NE 34th Street, Oakland Park, Florida, is a personal private residence and Jeffrey Moore lived at that residence. It is his home.

3. The initial entrance into and search of that residence and discovery of evidence, was without the benefit of a search warrant and was not justified by any recognized exception to the warrant requirement.

4. Ms. Dykes did not freely and voluntarily consent to an entry of the home. Any cooperation she may have provided was acquiescence to the officer's apparent authority based on their assertion of official authority. Consent is not voluntary if given only in acquiescence to a claim of lawful authority. Bumper v North Carolina, 391 US 543, 548 (1968); Florida V Royer, 460 US 491 (1983).

5. Jeffrey Moore was present at the scene. He did not consent to a search, and strenuously objected to the police presence in his home asserting that they needed a search warrant.

6. Even if Ms Dykes had voluntarily consented, that consent would not be valid as to Jeffrey Moore. She could not waive his fourth amendment rights for him, where he was a co-occupant of the home. He was physically present, expressly refused consent, and objected to the police entry into, and the search of, his home.

7. A physically present co-occupant's stated refusal to permit entry prevails, (over consent from another co-occupant), rendering a warrantless search unreasonable and invalid as to him, Georgia v Randolph, 126 S CT 115(2006).

8. The arrest of Jeffrey Moore within his home was without the benefit of an arrest warrant and without probable cause.

8a. The agents decision to seek a warrant was prompted by what they had observed during the initial entry. See Murray v United States, 487 US 533, 108 SCT 2529 (1988) and United States v Markling 7 F3d 1309, 1314-18 (7th Cir. 1993).

9. The affidavit for a search warrant contained information that was unlawfully garnered in the first unlawful entry and search of the home.
Of Edward

9a. Paragraph 10 of the affidavit for search warrant contains the following language:

> *Agents also observed a quantity of what clearly appeared to be a couple of pieces of crack cocaine in a plastic bag containing white power residue in plain sight on a night stand in a second bedroom.*

The police must not violate the Fourth Amendment in arriving at the[place] from which the evidence could be plainly viewed .Horton v California, 496 US 128, 136 (1990).

10. The affidavit for search warrant contained information concerning Jeffrey Moore that was false. Although the Defendant does not believe that the false statements were made deliberately, in their haste to secure a warrant, the false material was included in the affidavit before being authenticated. One could argue that was negligent, if not reckless. The Judge eventually issuing a search warrant presumptively relied, on the statements as being true.

11. The connection between the unlawful entry into his home, the original unlawful search, and the later securing of a warrant and seizure of property was not sufficiently attenuated to dissipate the taint of the initial illegal conduct of the agents.

12. The absent the false information and the illegally obtained information contained within the affidavit it does not establish probable cause to justify issuance of a search warrant.

13. The Government action in this cause was unlawful, unreasonable, and violated the Fourth Amendment to the United States Constitution as well as Article 1, Section 12 and 23 of the Florida Constitution.

WHEREFORE the Defendant Jeffrey Moore prays this Honorable Court enter an order suppressing the evidence seized in this cause.

I HEREBY CERTIFY then I have attempted to confer with AUSA Patricia Diaz in a good faith effort to resolve this issue and was unable to do so because she is on annual leave.

> *s/David R. Smith*
> _____
> DAVID R SMITH

I HEREBY CERTIFY that I electronically filed this pleading with the Clerk of the Court of the United States District Court for the Southern District of Florida using CM/ECF this 31st day of December, 2007.  I further certify that a copy of this pleading is being served on AUSA Patricia Diaz and all counsel of record on the service list by electronic transmission and e-mail generated by CM/ECF.  The and and it

*s/David R. Smith*
_____
 David R. Smith, Fl. Bar No. 166880
Attorney for Cyril Dean
524 South Andrews Ave.,
Suite 304N
Fort Lauderdale, FL 33301
Tel: (954) 522-3307
Fax: (954) 768-0738
E-mail: drsmithjd@hotmail.com